Matter of Fuster (2023 NY Slip Op 00866)

Matter of Fuster

2023 NY Slip Op 00866

Decided on February 15, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-03885

[*1]In the Matter of A. David Fuster II, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; A. David Fuster II, respondent. (Attorney Registration No. 2999001)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced this proceeding pursuant to 22 NYCRR 1240.8 by the service and filing of a notice of petition dated May 18, 2020, and a verified petition dated May 12, 2020. The respondent served and filed a verified answer dated August 9, 2020, which was deemed timely served and filed by decision and order on motion of this Court dated December 29, 2020. Subsequently, the Grievance Committee served and filed a statement of disputed facts dated January 15, 2021, and the respondent served and filed a response to the statement of disputed facts dated March 15, 2021. By decision and order on application of this Court dated April 20, 2021, the matter was referred to the Honorable Randall T. Eng, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 12, 1999.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated May 18, 2020, and a verified petition dated May 12, 2020, containing two charges of professional misconduct. The respondent served and filed a verified answer dated August 9, 2020, which was deemed timely served and filed by decision and order on motion of this Court dated December 29, 2020. Subsequently, the Grievance Committee served and filed a statement of disputed facts dated January 15, 2021, and the respondent served and filed a response to the statement of disputed facts dated March 15, 2021. By decision and order on application of this Court dated April 20, 2021, the matter was referred to the Honorable Randall T. Eng, as Special Referee, to hear and report. Following a prehearing conference held on May 21, 2021, and a hearing conducted on June 30, 2021, the Special Referee filed a report dated October 8, 2021, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has not submitted a response to the Grievance Committee's motion or sought additional time to respond.
The Petition
Charge one alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: Between June 2011 and February 2015, the respondent [*2]maintained an attorney trust account at Capital One Bank, entitled "Fuster Law PC," account number ending in 6303 (hereafter the escrow account). During that time, client funds were deposited into the escrow account. On November 26, 2014, the respondent was required to hold a total of $296,800.83 in the escrow account on behalf of six clients, as follows: Orrly and Mariam Sampedro, $1,610; Santos and Expectacion Zamora, $78,000; Dianne Kavanough, $180,471; Victor M. Amaya Orellano, $1,000; Vicente Pallchisaca, $1,000; and Gloria Salas, $34,719.83. On November 26, 2014, the balance in the escrow account was $79.29. Between August 2013 and November 2014, client funds totaling approximately $467,079 were improperly transferred out of the escrow account by the respondent's employees.
Charge two alleges that the respondent failed to adequately supervise the work of two nonlawyer employees of his law firm, Fuster Law P.C., in violation of rule 5.3 of the Rules of Professional Conduct, as follows: In or about 2011, the respondent hired nonlawyer Hector Rojas to serve as the firm's office manager and nonlawyer Nilesh Sanghavi to handle the firm's financial matters, including the escrow account. The respondent failed to review the bank statements and records for the escrow account. The respondent relied on summary reports of the escrow account activity prepared by Rojas and Sanghavi. The respondent, thus, failed to notice that between August 2013 and November 2014, Rojas and Sanghavi transferred client funds totaling approximately $467,079 from the escrow account to their own bank accounts.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.
We find that the respondent failed to safeguard funds in an attorney escrow account and failed to adequately supervise the work of two nonlawyer employees of his law firm, Rojas and Sanghavi. The respondent testified at his examination under oath that he was initially looking for a $300,000 loan to grow his loan modification law practice, and he was introduced to Rojas and Sanghavi, who were looking for other business opportunities. The respondent hired Rojas and Sanghavi at an annual salary of approximately $170,000, the same salary that the respondent paid himself, to manage his offices and grow his law practice.
In sustaining the charges, the Special Referee noted that although the respondent's
"testimony support[ed] his assertion that he was victimized by the two employees who abused his trust, he nevertheless failed to detect a fraudulent course of conduct that had occurred over a period of approximately 15 months. It wasn't until he was informed that a check drawn on the escrow account was dishonored that he learned that the account contained only $79.29."
The respondent testified at his examination under oath that one year before he learned about the dishonored check, he learned that Rojas had signed an escrow account check. Even after the respondent was alerted about this irregularity, he did not inquire further about the integrity of the escrow account. The respondent, moreover, failed to notice approximately 21 wire transfers by Rojas and Sanghavi from the escrow account during the period August 2013 to November 2014, even though it was not part of the firm's practice to wire funds. The record further confirms that Rojas and Sanghavi largely went unsupervised as they operated out of a New Jersey office with minimal contact and oversight by the respondent, even though the respondent is not licensed to practice law in New Jersey. At the disciplinary hearing, the respondent was unable to explain his lack of oversight of Rojas and Sanghavi. The respondent surmised that these two former employees must have shown him doctored documents. The Special Referee, however, found that the respondent's testimony on this issue was "speculative in nature." The respondent did not produce any evidence of the doctored bank records, nor did he provide further corroboration of any deceptive activity.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, that the respondent accepted responsibility and expressed remorse, the conduct occurred during a time when the respondent experienced personal stress, the respondent notified the police of his employees' theft, and the respondent replenished the remaining shortage of $20,000 in the escrow account after Rojas and Sanghavi returned most of the misappropriated funds. Notwithstanding the advanced mitigation, we find that the respondent has engaged in serious [*3]misconduct by failing to provide proper oversight of two nonlawyer employees for an extended period, resulting in the misappropriation of funds entrusted to the respondent as a fiduciary. We have also considered the respondent's disciplinary record consisting of a letter of caution as an aggravating factor.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of three years (see Matter of Castelli, 131 AD3d 29).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, A. David Fuster II, is suspended from the practice of law for a period of three years, commencing March 17, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 17, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, A. David Fuster II, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, A. David Fuster II, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, A. David Fuster II, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court